**UNITED STATES of America**
**v.**
**Joseph W. HART and J. Carl Russell.**
**Civ. A. No. 2299.**

United States District Court
M. D. Tennessee,
Nashville Division.

Jan. 17, 1962.

Kenneth Harwell, U. S. Atty., Nashville, Tenn., for plaintiff.

Fyke Farmer, Nashville, Tenn., for defendant.

WILLIAM E. MILLER, Chief Judge.

After the Court filed its Memorandum of Decision on April 5, 1960, and before formal Findings of Fact and Conclusions of Law were submitted to implement such memorandum, the defendants filed a motion on October 6, 1960 for leave to file an amendment to their answer to interpose an additional defense to the effect that the plaintiff, as co-surety, had relinquished property without defendants' consent which would have satisfied the obligation in full, and that the defendants, as co-sureties with the plaintiff, were therefore discharged from liability upon their guaranty.

Having heard oral argument and having fully considered the motion in the light of the entire record, the Court finds and holds as follows:

1. The proposed additional defense is without merit for the reason that plaintiff and defendants are not co-sureties with respect to the obligation in question. The defendants, by a separate agreement, unconditionally guaranteed payment of the loan, an agreement supported by an adequate consideration. On

the other hand, the plaintiff, pursuant to pertinent Acts of Congress and Executive Orders, entered into a separate agreement with the banks to purchase ninety percent (subject to certain adjustments) of any unpaid balance of the loans and, upon such purchase, to receive from the banks an assignment of the notes and all collateral. Such collateral is specifically described in the agreement and consists of (1) real estate mortgages, (2) chattel mortgages, (3) assignments of rents, etc., (4) pledges of stock owned by defendants, (5) the defendants' personal guaranties, and (6) assignment of a Performance Bond. The obligations and liabilities of the plaintiff on the one hand and of the defendants on the other hand are not identical; they are subject to different conditions; and the respective parties cannot be classified as co-sureties. The plaintiff in such a situation is not a surety with respect to the obligation or a guarantor, but is an insurer, its obligation being to purchase the obligation itself. In the event of default and purchase and assignment to the plaintiff, the plaintiff is substituted to the position of the banks and becomes the owner of the indebtedness, with the same rights as the banks themselves to all collateral security, to enforce claims against sureties or guarantors, etc. By virtue of its position as insurer, it occupies, insofar as the defendants are concerned, the position of a holder of the indebtedness rather than the position of a surety or guarantor. Its right as such insurer and holder of the indebtedness is to recover from the defendants as sureties and guarantors the full amount of the indebtedness, less any amounts realized from collateral, and not simply the right to recover contribution. On the other hand, if the defendants had paid the indebtedness to the banks, they would not have had the right to recover either reimbursement or contribution from the plaintiff.

■ 2. Further, the proposed additional defense is without merit because the agreement of December 22, 1945 was in no way prejudicial to the defendants,

but simply constituted a release of the obligation of the Country Club Realty Corporation to execute a mortgage on the property in question, the property already having been contracted to be sold for the sum of $37,170.00. The release of this obligation was necessary to pass a good title to the purchaser, Spring Hill Homes, Inc. The Court has already found that the sale was contracted in good faith and that it was in every respect bona fide and valid.

Accordingly, the Court has on this date passed to the Clerk for filing formal Findings of Fact and Conclusions of Law; and a form of judgment will be submitted to the Court. Such judgment will specifically refer to and adopt the Memorandum of Decision of April 5, 1960, the Findings and Conclusions filed with the Clerk on this date, and this order, as the Court's Findings of Fact and Conclusions of Law in the case.