Joseph W. HART, Luella F. Hart and J. Carl Russell, Plaintiffs-Appellants,

v.

FEDERAL RESERVE BANK OF ATLANTA, Defendant-Appellee.

No. 17170.

United States Court of Appeals
Sixth Circuit.

June 21, 1967.

Fyke Farmer, Nashville, Tenn., for appellants.

Robert C. McDiarmid, Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., David L. Rose, Atty., Dept. of Justice, Washington, D. C., Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., on the brief), for appellee.

Before PHILLIPS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Middle District of Tennessee granting defendant-appellee's motion for summary judgment. The appellants, Joseph W. Hart and J. Carl Russell, were the principal shareholders of Country Club Village Corporation. The appellant, Luella F. Hart, owned one share of stock in the corporation. During World War II, the corporation was engaged in developing a housing project in Mobile, Alabama. The project was being financed by the First National Bank of Birming-

ham and the Merchants National Bank of Mobile. The two principal shareholders were personal guarantors on the corporation's obligation to the banks. The War Department guaranteed to pay the banks 90 percent of any deficiency.

The corporation became in default to the banks and called on the War Department to make good on its guarantee. The War Department paid the banks through the Federal Reserve Bank of Atlanta, the appellee herein. The United States then brought an action in the District Court against Hart and Russell on their guarantees. The court granted judgment to the United States, 215 F.Supp. 35, and this Court affirmed, 312 F.2d 127. The appellants then brought this action in the District Court against the Federal Reserve Bank.

The cause of action centers on two basic claims, one, that the appellants were induced to sign an agreement under date of April 6, 1944, through false representations made by the banks and, two, that the Federal Reserve Bank mismanaged the collateral security and caused the security to be sold for less than its actual value to the damage of the appellants.

■ District Judge William E. Miller granted summary judgment to the Federal Reserve Bank and this appeal followed. Judge Miller wrote an excellent opinion in which he held that all but one of the specific issues raised by the complaint had been decided in the prior case and that the doctrine of collateral estoppel was applicable. He held that the claim that the Federal Reserve Bank prevented sales to individual home owners was vague and general and insufficient to state a claim against the Federal Reserve Bank which would not be precluded under the doctrine of sovereign immunity. The facts are fully stated in the opinion of Judge Miller. We agree with the opinion of Judge Miller in its entirety.

After the motion for summary judgment was filed, counsel for the appellants moved to amend the complaint by alleging in effect that the Federal Reserve Bank was without authority as fiscal agent of the United States to guarantee the payment to the banks of 90 percent of any deficiency and to act as it did in relation to the transaction. The district judge allowed the amendment but did not specifically comment on it in his opinion.

Under this amendment, appellants challenge the following statement in the opinion of Judge Miller:

"Since the Reserve Bank was merely a fiscal agent of the War Department under the First War Powers Act of 1941, it would be clothed with the immunity of the sovereign in carrying out its proper functions in complying with its statutory obligation as an insurer of 90% of the Hart and Russell indebtedness, and in receiving and enforcing all rights to collateral security after payment."

It is provided in paragraph 3 of Executive Order No. 9112 under the First War Powers Act of 1941 that,

"Any Federal Reserve Bank * * * is hereby authorized to act, as agent of the War Department * * * in carrying out any of the provisions of this executive order, and the Secretary of the Treasury is hereby directed to designate each Federal Reserve Bank to act as fiscal agent of the United States pursuant to the provisions of section 15 of the Federal Reserve Act in carrying out any authority granted to it by or pursuant to this executive order. * * * In taking any action under any designation or authority given by or pursuant to this paragraph no Federal Reserve Bank shall have any responsibility or accountability except as agent of the War Department * * *" U. S. Code Cong.Serv. 1942, p. 269.

Section 7 of 56 Stat. 351, enacted June 11, 1942, ratified the grant of authority given the War Department under this executive order.

■ We conclude that the Federal Reserve Bank of Atlanta was authorized to

take such action as it did and of which complaint is made herein and that there is no error in the above quoted clause of the district judge's opinion.

Judge Miller did not reach the government's claim that the action was barred by the statute of limitations, nor do we.

The judgment of the District Court is affirmed upon the opinion of Judge Miller. (Joseph W. Hart et al. v. Federal Reserve Bank of Atlanta, 270 F. Supp. 296).